UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
FILE NO. 3:22-CV-10

JAMES KELLY,

   Plaintiff,

v.                               COMPLAINT

UNITED STATES OF AMERICA,

   Defendant.

NOW COMES the Plaintiff, by and through the undersigned counsel, complaining of the Defendant, and shows the following:

PARTIES

1. The Plaintiff is an individual who is a citizen and resident of Gaston County, North Carolina.

2. The Defendant is the United States of America.

JURISDICTION AND VENUE

3. The court has subject matter jurisdiction over the action because the claim stated herein arises under the law of the United States and falls within the court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

4. The court has personal jurisdiction over the Defendant.

5. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because the Defendant is the United States and the Plaintiff resides in this district.

BACKGROUND AND FACTUAL ALLEGATIONS

6. Hyatt Coin and Gun Shop, Inc. ("Hyatt"), is a federal firearms licensee ("FFL") located in Charlotte, North Carolina.

7. The Plaintiff is not an FFL.

8. An FFL "shall not transfer a firearm to any other person who is not licensed . . . unless – before the completion of the transfer, the licensee contacts the national instant criminal background check system." 18 U.S.C. § 922(t)(1)(A).

9. The acronym for the national instant criminal background check system is NICS.

10. The Plaintiff attempted to purchase a firearm from Hyatt on December 16, 2021.

11. Hyatt contacted NICS and provided the Plaintiff's name and identifying information as part of the transaction.

12. The search resulted in a status of "denied," as shown by the attached Exhibit A.

13. Based on the denial, Hyatt refused to allow the Plaintiff to purchase a firearm.

14. The denial was assigned NICS Transaction Number ("NTN") 1029C538P.

15. "The NTN demonstrates that contact has been made with the NICS." NICS Section Federal Firearms Licensee Users Manual at 11 (8/2011) (https://www.fbi.gov/file-repository/nics-firearms-licensee-manual-111811.pdf (retrieved January 5, 2022).

16. NICS is maintained by the Federal Bureau of Investigation (FBI).

17. NICS "is a name check system that uses databases to determine if a person may legally receive or possess a firearm." https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals-vaf (retrieved January 5, 2022).

18. NICS includes information concerning whether a person falls within "[f]ederal categories of persons prohibited from receiving firearms." *Id.*

19. Upon information and belief, NICS denied the Defendant's attempted purchase of a firearm from Hyatt because NICS contains information that the Plaintiff falls within at least one federal category of persons prohibited from receiving firearms.

20. The information is erroneous.

21. The Plaintiff has no criminal convictions under state or federal law disqualifying him from possessing firearms or ammunition.

22. The Plaintiff is not otherwise barred from possessing firearms or ammunition by any category of prohibited person in 18 U.S.C. §§ 922(g) or (n).

## FIRST CAUSE OF ACTION
## CORRECTION OF ERRONEOUS INFORMATION IN NICS
## 18 U.S.C. § 925A

23. The allegations contained in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

24. The Plaintiff was denied a firearm pursuant to 18 U.S.C. § 922(t) due to the provision of erroneous information relating to the Plaintiff by NICS.

25. The Plaintiff requests entry of an order directing that the erroneous information be corrected, pursuant to 18 U.S.C. § 925A.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT
## 28 U.S.C. § 2201 and 18 U.S.C. § 925A

26. The allegations contained in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

27. The Plaintiff was denied a firearm pursuant to 18 U.S.C. § 922(t) due to the provision of erroneous information relating to the Plaintiff by NICS.

28. The matter described above is an actual case and controversy between the parties.

29. The Plaintiff requests entry of a declaratory judgment declaring that the FBI is directed to correct the erroneous information in NICS, pursuant to 28 U.S.C. § 2201 and 18 U.S.C. § 925A.

## AWARD OF ATTORNEY'S FEE

1. The allegations contained in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

2. The Plaintiff requests the Court order the Defendant to pay a reasonable attorney's fee to the Plaintiff as part of the costs, pursuant to 18 U.S.C. § 925A.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1) For an order directing the Defendant, through the FBI, to correct the erroneous information in NICS, pursuant to 18 U.S.C. § 925A.

2) For a judgment declaring that the Defendant, through the FBI, is directed to correct the erroneous information in NICS, pursuant to 28 U.S.C. § 2201 and 18 U.S.C. § 925A.

3) For the award of a reasonable attorney's fee as part of the costs, pursuant to 18 U.S.C. § 925A.

This the 10th day of January, 2022.

By: /s/ Keith A. Williams
KEITH A. WILLIAMS Bar Number: 19333
Attorney for Plaintiff
Law Offices of Keith A. Williams, P.A.
P.O. Box 1965
321 South Evans Street, Suite 103
Greenville, NC  27835
Phone:  252/931-9362
Fax:  252/830-5155
E-mail:  keith@williamslawonline.com

By: /s/ Christopher Connelly
CHRISTOPHER CONNELLY Bar Number:  19488
Attorney for Plaintiff
CHRISTOPHER A. CONNELLY, P.A.
101 North McDowell Street
Suite 104
Charlotte, NC  28204
Phone:  980/263-8366
E-mail:  cconnelly@connellydefense.com